# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| HOPKINS DAVID PLEMONS #368201, ) ) ) Plaintiff, ) ) v. ) ) CORE CIVIC, et al., ) ) Defendants. ) | NO. 1:19-cv-00062 JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

Plaintiff, an inmate of the South Central Correctional Facility in Clifton, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff did not submit with his complaint either the requisite $400 civil filing fee or an application to proceed in district court without prepaying fees and costs. Moreover, his complaint did not comply with Rule 8(d) of the Federal Rules of Civil Procedure. Accordingly, on July 26, 2019, the Court ordered Plaintiff to either pay the filing fee or submit an application to proceed in forma pauperis (IFP) and to file an amended complaint. (Doc. No. 3.)

Plaintiff has now filed an IFP application and a pleading the Court construes to be Plaintiff's effort to comply with the Order to file an amended complaint. (Doc. Nos. 4, 5.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application (Doc. No. 4) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the South Central Correctional Facility to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE AMENDED COMPLAINT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff did not use the Section 1983 complaint form that the Court provided in drafting his second pleading. (Doc. No. 5.) In this pleading, Plaintiff alleges that he suffers from a "new outstanding medical problem" consisting of unspecified "on-going medical problems" and "medical issues." (*Id.* at 1.) He alleges that, as a result of his medical problem, a physician has recommended that he be excused from attending the Adult Basic Education program in which he

3

is enrolled for 30 days. (*Id.* at 2.) However, "Principle Bilings" has refused to comply with that order and has required Plaintiff to attend class or face disciplinary action and the loss of unspecified liberties. (*Id.* at 1–2.) Plaintiff alleges that Defendant Bilings's actions have caused his "condition to worsen" in ways he does not describe. (*Id.* at 1.) He lists Core Civic and Bilings as Defendants and claims that they have been deliberately indifferent to his serious medical needs. (*Id.* at 1–2.)

Deliberate indifference to an inmate's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted prisoners and Fourteenth Amendment rights of pretrial detainees. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has failed to allege facts that satisfy this standard. His vague references to medical "problems" and "issues" are not sufficient to establish that he has a serious medical need as required to state a claim under the Eighth Amendment. *Pickle v. Curry*, No. 2:13-CV-01197-KOB, 2013 WL 6162990, at *4 and n.1 (N.D. Ala. Nov. 22, 2013) (holding that the plaintiff's "statement that he still suffers from 'medical issues' is entirely too vague to confer constitutional liability on the defendants" and dismissing because "the plaintiff fails to identify even in vague terms the actual injuries he allegedly suffered, much less a description sufficient to show that those conditions are serious enough to invoke constitutional review"); *Lofton v. St. Clair Cty. Jail*, No.

13-CV-00823-MJR, 2013 WL 4804508, at *3 (S.D. Ill. Sept. 9, 2013) (holding that inmate's "vague reference to 'medical problems' is insufficient to support an Eighth Amendment claim).

Plaintiff attaches to his recent pleading several pages of institutional grievance materials that might provide clues about the facts underlying his claim. (Doc. No. 5 at 5–15.) But those documents, like the ones attached to Plaintiff's original complaint, include "facts" ranging from the potentially relevant to the clearly irrelevant, and even the potentially relevant information is not cohesive. (Doc. No. 1-1; Doc. No. 5 at 5–15.) For example, the grievance documents reflect that Plaintiff has complained at times that the requirement to attend school or work is detrimental to his "psychological disorder" and "psychologist diagnosis" (Doc. No. 1-1 at 2–3) and at other times that it is harmful to "a urinary problem" and/or a "bulging disc." (Doc. No. 5 at 9.) And a significant portion of the substance of the documents pertain to Plaintiff's efforts to "substantiate" reports of two rapes in 2017 that presumably have nothing to do with the present lawsuit. (Doc. No. 5 at 11; Doc. No. 1-1 at 5.) Accordingly, the Court is unable to discern which of this jumble of facts Plaintiff relies on in support of his claim.

The Court has already provided Plaintiff with a second opportunity to plead his case and expressly instructed him to allege the specific details on which he relies. (Doc. No. 3.) The Court is not required to comb through his unexplained exhibits to pick out the best facts in support of his claim when he has failed to allege them with any clarity. *See Setzke v. Ferguson*, No. CIV 07-5185, 2009 WL 248071, at *1 (W.D. Ark. Feb. 2, 2009) ("[T]he Court declines the implied invitation to comb this mass of material to determine if there is some basis for plaintiff's motion."); *Hall v. Dep't of Commerce*, No. 116CV01619EGSGMH, 2017 WL 9615889, at *6 (D.D.C. Aug. 22, 2017), *report and recommendation adopted*, No. CV 16-1619 (EGS), 2018 WL 2002483 (D.D.C. Apr. 30, 2018) ("[C]ourts are not responsible for hunting through the record in search of

material potentially helpful to a [pro se] party's case, because asking the Court to comb through attachments to discern the substance of the plaintiff's claims risks placing it more in the role of advocate than judge.") (internal quotation marks and citation omitted).

Finally, even if Plaintiff had stated a claim against Defendant Bilings, he still does not state a claim against Core Civic. An inmate only states a claim against a corporation performing traditional state functions when he alleges that his injury was caused by an action taken pursuant to some official policy or custom. *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003). Plaintiff has not alleged any such corporate policy or custom underlying the alleged violation in this case.

### III. CONCLUSION

For the reasons explained above, Plaintiff's claim is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B). Because it is conceivable that Plaintiff might be able to allege specific facts sufficient to support his claim, this dismissal is without prejudice to Plaintiff's ability to file a new complaint alleging deliberate indifference in connection with the requirement that he attend school. He may do so by filing, within **28 days** of the entry of this Order, a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, along with a motion to amend complaint AND the proposed amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)).

Plaintiff is warned, however, that any such complaint must be filed on a Section 1983

6

complaint form and must, at a minimum: identify each defendant and the capacity in which s/he is sued; specifically identify and describe the serious medical need at issue; describe how, when, and where each defendant has been deliberately indifferent to that need; describe with specificity the injury allegedly caused by that indifference; and specify the relief requested. There is no need to include any legal research or argument in the complaint. And while the Court will not prohibit Plaintiff from attaching exhibits to his complaint, the complaint itself must contain EVERY FACT on which Plaintiff relies in support of his claim, and the relevance of any attachment must be discussed in the complaint. The Plaintiff's submissions must be typed or NEATLY printed on only one side of each page, with no text in the margin of any page.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE